﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/19 Archive Date: 01/28/19

DOCKET NO. 180919-338
DATE: January 29, 2019

ORDER

Entitlement to service connection for sleep apnea as secondary to service-connected disabilities is granted.

FINDING OF FACT

The evidence is at least in equipoise that the Veteran’s currently diagnosed sleep apnea is due to his service-connected disabilities. 

CONCLUSION OF LAW

The criteria for service connection for sleep apnea as secondary to service-connected disabilities are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from May 1970 to December 1971.

In the January 2017 rating decision and April 2018 RAMP decision, the AOJ reached the merits of the claim of entitlement to service connection for sleep apnea. As such, in essence, it was found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for sleep apnea. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Entitlement to service connection for sleep apnea

The Veteran contends that he has sleep apnea secondary to his service-connected depressive disorder. The Veteran is in receipt of service-connected benefits for posttraumatic stress disorder (PTSD), previously rated as persistent depressive disorder with anxious distress; residuals of lacerated right cornea, and; diabetes mellitus, type II.

The Board concludes that the Veteran’s currently diagnosed sleep apnea is due to his service-connected psychiatric disability. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.310. Allen v. Brown, 7 Vet. App. 439 (1995); Wallin v. West, 11 Vet. App. 509 (1998).

The record includes both positive and negative medical opinions. In October 2016 a private provider completed a Sleep Apnea Disability Benefits Questionnaire, diagnosed the Veteran with obstructive sleep apnea and noted his report that he gained 110 pounds of weight due to inactivity and his mental health condition. That provider offered a positive nexus opinion; that the Veteran’s obstructive sleep apnea condition with CPAP was secondary to, related to, and/or aggravated by service-connected persistent depressive disorder with anxious distress with an associated sleep disturbance, weight gain and/or obesity, and decreased activity. 

The provider said the opinion was based on consideration of the regulations, service and/or civilian medical records, a current diagnosis of obstructive sleep apnea per sleep study with CPAP, the Veterans reports of daytime fatigue, sleep disturbance, and decreased activity, the service-connected mental health condition, the medication management including antidepressants with a history of marked weight gain and obesity, and medical literature in support of a nexus rationale based upon a multitude of complete interrelated pathopsycho-physiological mechanisms and processes that occur directly from these mental health disorders and result in weight gain and/or obesity due to and/or are associated with neuroendocrine dysfunction processes. In the rationale, the provider noted the documented symptoms related to the Veteran’s service-connected psychiatric disability, treatment with anti-depressant medications and progressive weight gain. The provider addressed studies in the medical literature support that depression induces weight gain and obesity and associations between weight gain and obesity with most of the medication classifications used for mental health treatment, especially the anti-depressant medications. The provider noted that multiple studies document evidence that chronic partial sleep loss, to include insomnia and frequent night-time awakenings (symptoms experienced by the Veteran), increase the risk of obesity and weight gain. The provider discussed the pathophysiology of obstructive sleep apnea related to obesity and the pathophysiology of sleep disturbance related to obesity. 

A November 2016 VA opinion included a negative opinion. That examiner discussed the VA treatment records, including that the Veteran had risk factors for sleep apnea of hypertension, diabetes mellitus, obesity, advanced age of 65, and a neck size of 16 to 16.5 inches. The opinion provider further discussed the medical literature regarding the causes and risk factors for the development of sleep apnea and development of obesity. The examiner noted that the Veteran had the risk factors for development of sleep apnea and that the medical literature does not mention behavior disorders as a cause or risk factor. The addressed the private opinion’s point that the psychiatric disorders may have led to obesity and then to the obstructive sleep apnea, but commented that it implies that the mental health disorder would be the sole reason for obesity. As rationale, the VA examiner cited various causes for obesity noted in literature and said those considerations would not be under the sole control of mental health issues. 

The record also includes a January 2018 positive nexus opinion from a private provider. The provider addressed symptoms related to the Veteran’s service-connected psychiatric disability and treatment with medications and noted a total weight gain of approximately 110 pounds during active duty to the present time. The provider discussed medical literature associating a connection between obstructive sleep apnea and PTSD; that PTSD predisposes an individual to weight gain, and; medical literature that associated weight gain and obesity with most of the medication classifications used for mental health treatment. It was the provider’s opinion that the Veteran’s weight gain progressed to the obesity and thus, his mental health condition and related medications contributed to his weight gain, at the very least aggravated his obstructive sleep apnea. The provider also noted that the Veteran was also service-connected for diabetes mellitus and that chronic hyperglycemia coupled with metabolic syndrome, are known contributors in the development of obesity and obstructive sleep apnea. 

The Board finds that service connection for sleep apnea as secondary to service-connected disabilities, is warranted. The Board has considered VAOPGCPREC 1-2017 which held that obesity can qualify as an “intermediate step” between a service-connected disability and a current disability. The Board finds that obesity is the intermediate step here as the two positive medical opinions show the service-connected disabilities and medications used for those, including PTSD and diabetes mellitus, type II, caused the Veteran to become obese. The opinions further show that the obesity, as a result of the service-connected disabilities, was a substantial factor in the cause of the sleep apnea and the sleep apnea would not have occurred but for the obesity caused by the service-connected disabilities. In contrast, the VA examiner found that the obesity was not an “intermediate step” because the obesity was not solely due to the Veteran’s service-connected disabilities. However, obesity need not be the sole contributor. The private opinions establish that obesity was a substantial factor in developing sleep apnea. Affording the Veteran the benefit of the doubt, entitlement to service connection for sleep apnea, as caused by the Veteran’s service-connected disabilities, is granted. 

 

M.E. LARKIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Robert J. Burriesci, Counsel